# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 31, 2022

Lyle W. Cayce
Clerk

No. 21-50496
Summary Calendar

───────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Albert English,

*Defendant—Appellant*.

───────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:20-CR-8-1

───────────

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:\*

Robert Albert English pleaded guilty of possession of a firearm by a felon, and he has appealed his sentence. He contends that the district court erred in determining his base offense level under U.S.S.G. § 2K2.1(a)(2) in part because of his prior state robbery conviction.

───────────

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Our review is for plain error. *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904 (2018). Under that standard, English must show that the district court committed an error, that was plain, and that affected his substantial rights. *See United States v. Rodriguez-Pena*, 957 F.3d 514, 515 (5th Cir. 2020). The district court reliance upon an incorrect guidelines range will suffice to show a defendant's substantial rights were affected. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1347 (2016). English must also show that a failure to correct plain error would seriously affect the fairness, integrity, or public reputation of judicial proceedings. *See Rodriguez-Pena*, 957 F.3d at 515. "'[A] plain Guidelines error that affects substantial rights' will also satisfy the fourth prong of plain-error review." *Id.* (quoting *Rosales-Mireles*, 138 S. Ct. at 1897).

Where a defendant is sentenced for being a felon in possession of a firearm, a base offense level of 24 applies where "any part of the instant offense [was] subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." § 2K2.1(a)(2). Where there was only one such conviction, the base offense level is 20. § 2K2.1(a)(4). In applying these subsections, courts consider only those convictions that receive criminal history points under U.S.S.G. § 4A1.1(a), (b), or (c). § 2K2.1, comment. (n.10.).

As the Government concedes, English's 2000 robbery conviction was improperly considered in applying § 2K2.1(a)(2). That conviction did not receive criminal history points because it did not result in English's incarceration within 15 years of the commencement of the instant offense. *See* U.S.S.G. § 4A1.2(e)(1), (3). Because the robbery conviction did not receive criminal history points, the district court committed a clear and obvious error in considering it in applying § 2K2.1(a)(2). The sentence is therefore VACATED, and the case is REMANDED for resentencing.